NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**BOARD OF REGENTS OF THE UNIVERSITY OF
TEXAS SYSTEM,**
*Appellant*

**v.**

**BAYLOR COLLEGE OF MEDICINE,**
*Appellee*

**ANDREI IANCU, UNDER SECRETARY OF
COMMERCE FOR INTELLECTUAL PROPERTY
AND DIRECTOR OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE,**
*Intervenor*

_____

2020-1469, 2020-1470

_____

Appeals from the United States Patent and Trademark
Office, Patent Trial and Appeal Board in Nos. IPR2018-
00948, IPR2018-00949.

_____

Decided:  December 10, 2020

_____

PETER E. MIMS, Vinson & Elkins LLP, Houston, TX, for
appellant.  Also represented by ETHAN JAMES NUTTER, Aus-
tin, TX.

MICHAEL HAWES, Baker Botts, LLP, Houston, TX, for appellee.  Also represented by PAUL R. MORICO; JEFFREY SEAN GRITTON, STEPHEN M. HASH, Austin, TX.

SARAH E. CRAVEN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for intervenor.  Also represented by MICHAEL S. FORMAN, THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED.

————————————

Before PROST, *Chief Judge*, LOURIE and STOLL, *Circuit Judges*.

PER CURIAM.

Baylor College of Medicine filed petitions seeking inter partes review ("IPR") of two patents owned by the Board of Regents of the University of Texas System ("UT").  Arguing that state sovereign immunity applies in IPR proceedings, UT filed motions to dismiss the petitions.  The Patent Trial and Appeal Board ("Board"), relying on *Regents of the University of Minnesota v. LSI Corp.*, 926 F.3d 1327 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 908 (2020), denied UT's motions.  UT appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).  *See Univ. of Minn.*, 926 F.3d at 1331 n.2.

As UT recognizes, we held in *University of Minnesota* that "sovereign immunity does not apply to IPR proceedings when the patent owner is a state."  Appellant's Br. 9 (citing *Univ. of Minn.*, 926 F.3d at 1342).  UT contends, however, that "the *University of Minnesota* panel applied the wrong standards and reached the wrong conclusion when it held" that state sovereign immunity does not apply to IPR proceedings.  *Id.*  But, as UT also recognizes, "[t]his panel is bound by the *University of Minnesota* decision." Reply Br. 1.  Accordingly, we affirm the Board.

**AFFIRMED**